IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

GUY SANCHEZ, JR., KATHERINE
FIGUEROA SANTIAGO,

     Plaintiffs,

       v.

KENNETH MCCLINTOCK, ET AL.,

     Defendants.

CIVIL NO. 11-1542 (CVR)

## OPINION AND ORDER

### INTRODUCTION

Plaintiffs Guy Sánchez, Jr. (hereafter "Sánchez") and his wife Katherine Figueroa Santiago (hereafter "Santiago")[1] filed claims against various government officials, to wit, the Puerto Rico Real Estate Board & Business Regulation (hereafter the "PR Real Estate Board") and its members Gilberto Casillas-Esquilín, Kenneth McClintock, Eduardo Ballori-Lage, in their official capacities (for prospective injunctive relief) and against the San Juan Board of Realtors, Inc., (hereafter the "Board of Realtors") and its members in their official capacity and against Pablo J. Claudio-Pagán, Ernesto José Miranda Matos and Víctor Figueroa-López (from the PR Real Estate Board) in their personal capacities for compensatory and punitive damages, legal fees, costs, an injunctive relief for violations of civil rights under 42 U.S.C. §1983. Supplemental state claims were also filed under P.R. Constitution, Art. II, Section 1 and 8; Law No. 14 of April 11, 2001, 1 L.P.R.A. §611, et seq.;

---

[1] Plaintiff Figueroa is married to co-plaintiff Sánchez. Figueroa has been a real estate broker since 1994, and a member of the Puerto Rico Real Estate Board appointed on August 2007.

Articles 1802 and 1803 of the P.R. Civil Code and Law No. 426, P.R. Laws Ann. Tit. 1, §601 (2000).  (Docket No. 79, Amended Complaint).

## BACKGROUND

### I.  Co-defendant Board of Realtors' Request for Dismissal.  (Docket No. 95).

The Board of Realtors and its members: Héctor A. Lavergne-Vásquez, Mari Paz Cátala-Fuster, John Knapp-Fussá, Pura Rohena-Figueroa, Sintia Jardín-Abreu, Angel Marrero, José A. Quevedo-Bonilla, Warren Rodríguez-Rodríguez, Wilfredo Vélez and Rolando Acosta-Trinidad (herein after "defendants"), are requesting dismissal of the Amended Complaint under Fed.R.Civ.P. 12(b)(6) on grounds that:

(1)     the Board of Realtors is not a person acting under color of state law within Section 1983 and, thus, absent state action the Court lacks subject matter jurisdiction;

(2)     upon lack of federal question jurisdiction for lack of state action and a Section 1983 claim, pendent state claims should be dismissed by the Court by declining to exercise supplemental jurisdiction;

(3)     injunctive relief also fails as a matter of law upon failure to state a claim;

(4)     if the Court decides to exercise supplemental jurisdiction, claims should be dismissed because the Board of Realtors is not a public official or employee and there is no labor relationship between the Board of Realtors and plaintiff Figueroa to trigger liability under said statute.

As to a claim under Section 1983, defendants argue plaintiffs fail to satisfy the three main tests to determine if a private party could be attached state action liability. From the allegations in the Amended Complaint it has become clear that the Board of Realtors is a non-governmental non-profit corporation, professional organization; it does not engage in a function that is traditionally reserved to the State and the public function test is not satisfied. The allegations of the Amended Complaint do not present compliance with the state compulsion test for there is no allegation as to defendant PR Real Estate Board's coercive nature over the Board of Realtors for the latter does not make decisions in concert with the government nor receives financial support from the government or causes or induces the government to act. Furthermore, there is no allegation the PR Real Estate Board is involved in the day-to-day operations of the Board of Realtors. As to the joint action test, the Board of Realtors does not regulate the actions of all real estate agents in San Juan, its membership is not compulsory and does not issue licenses necessary to work as a real estate agent in Puerto Rico.

Even if members of the PR Real Estate Board expressed opinions as to the practice of real estate or as to specific real estate practitioners, that public commentary or advocacy cannot impute a Section 1983 liability by the Board of Realtors. Finally, plaintiffs' conclusory statement that the Board of Realtors is a state actor fails to present sufficient factual content as to alleged liability for a Section1983 claim as to said defendant.

Insofar as the claim for injunctive relief, defendants aver that since the Board of Realtors is not a state actor, plaintiffs should have no grounds for relief, let alone injunctive

relief under Section1983.  Even if the Board of Realtors is considered a state actor, a claim for injunctive relief does not meet the plausibility standard of Iqbal and Twombly for, to obtain injunctive relief, plaintiffs must show real and immediate injury, not abstract, conjectural or hypothetical and past injury, as alleged, is insufficient if it is unaccompanied by any continuing, present adverse effects.[2]

In the alternative, if plausibility is considered to be present, the four factors for a preliminary injunction must still be met: (1) likelihood of success on the merits; (2) potential irreparable harm; (3) balance of hardship to parties; (4) effect on public interest. Since plaintiffs have not stated a claim upon which relief may be granted, they cannot establish a viable Section 1983 as to defendants and there is no likelihood of success on the merits.  Upon absence of likelihood of success, the Court need not consider the other three factors above.   Even if these factors were to be considered, plaintiffs cannot show irreparable harm if injunctive relief is not granted for the Amended Complaint presents only a cursory claim of great potential for plaintiffs to suffer irreparable harm.

According to defendants, plaintiffs have also stated co-defendant Víctor Figueroa-López, not the PR Real Estate Board, made some defamatory statements.  The statements of suffering and continuing to suffer severe emotional distress, pain and sufferings are not sufficient for injunctive relief for these do not demonstrate a real and immediate threat of future harm.  The Amended Complaint contains no allegation of harm after May of 2011,

---

[2]  Notwithstanding that plaintiffs have requested preliminary and injunctive relief against all defendants in their official capacities submitting there is a great potential for irreparable harm as to their profession as realtor and their livelihood, such pleading is insufficient under Iqbal and Twombly.

Guy Sánchez, Jr., et al. v. Kenneth McClintock, et al.
Civil No. 11-1542 (CVR)
Opinion and Order
Page No. 5

which demonstrates plaintiffs do not face the prospect of future harm that warrants injunctive relief.

Any such injunctive relief if it was granted to plaintiffs would be a greater hardship to defendants the Board of Realtors, for plaintiffs have not shown failure to grant injunction would result in any hardship to plaintiffs. Granting relief to plaintiffs without sufficient evidence to show substantial likelihood of success on the merits and irreparable injury would not serve the public interest.

Regarding pendent state claims, defendants argue that since the Section 1983 federal claim should be dismissed, there is ample reason for the Court to decline to exercise jurisdiction over remaining state claims for the balance of factors:  judicial economy, convenience, fairness and comity, point toward declining to exercise jurisdiction. State issues would predominate upon dismissal of the federal claim, leaving only state claims in this case.

Finally, even if the Court decides to entertain supplemental jurisdiction, the Law No. 426 claim should be dismissed, for it protects rights of public employees and officials who report government corruption. The state law provisions are in reference with labor relations in public service and the Board of Realtors is not a public official or an employee there being no employment relation between same and plaintiffs. (Docket No. 95, Motion to Dismiss).

## II.  Plaintiffs' Opposition to co-defendant Board of Realtors' Request for Dismissal.

In plaintiffs' opposition, they present the Amended Complaint claimed all defendants retaliated, in violation to their First Amendment right, for denouncing as private and concern citizens matters of public interest such as corruptive acts and malfeasance of public funds of the PR Real Estate Board.  Plaintiffs spoke publicly during investigative hearings held by the Housing and Urban Development Commission of the P.R. House of Representatives (hereafter "the Commission").  Defendants, in planned and concerted action, jointly retaliated, defamed, humiliated and embarrassed plaintiffs.  As a result, plaintiffs have suffered severe damages in financial distress, loss of business opportunities, reputation, embarrassment and public humiliation from defendants' actions.

Insofar as plaintiff Figueroa, she submits being a public officer protected by Law No. 426.  (Docket No. 104, Plaintiffs' Opposition to Motion to Dismiss).

Plaintiffs argue the Board of Realtors, and its members, herein co-defendants in their official capacities,  although a private entity can be considered to fall under state action governed by Section 1983 for the facts show said defendant acted under "color of state law" when as alleged said private and public entities jointly coordinated, participated and met with PR Real Estate Board in a roundtable held on June 17, 2010, wherein plaintiffs' First Amendment rights were allegedly violated.  Joint action by private party and a public official to violate constitution satisfies the purpose of Section 1983.

Plaintiffs consider the Amended Complaint pleads state action for the Board of Realtors and its members acted in concert with the PR Real Estate Board and its members. Prior to the roundtable, the Board of Realtors held a meeting with the President of the PR Real Estate Board on June 10, 2010 to organize a public conference. (Amended Complaint ¶76). At said meeting, one of the main topics involved plaintiffs' testimonies and complaints before the Commission, as well as the federal case filed by co-plaintiff Sánchez.

The Amended Complaint alleges in ¶78 that on June 12, 2010, plaintiff Figueroa read a press release published by a newspaper about the conference coordinated between PR Real Estate Board and the Board of Realtors. It is also alleged the Board of Realtors invited all members of the real estate industry and the general public for a meeting to be held with Víctor Figueroa-López, President of the PR Real Estate Board, at Centro Europa Building on June 17, 2010. (Amended Complaint ¶79; Docket 1, Complaint, Exhibit C). The press release informed the public one of the topics was the investigation conducted by the Commission. *Id.*, ¶80. See also allegations ¶¶ 81, 82, 83, 84, 85, and 86.

The conference initiated with a recognition from the Director of the Board of Realtors. The President of the Board of Realtors addressed the audience about importance for first time brokers and realtors to meet to hear the President of the PR Real Estate Board. An executive from the Mortgage Division of Banco Popular, who sponsored the roundtable, addressed the audience and anticipated and advised the conference may upset the audience and urged them to keep control. *Id.* ¶87.

Guy Sánchez, Jr., et al. v. Kenneth McClintock, et al.
Civil No. 11-1542 (CVR)
Opinion and Order
Page No. 8

Thus, under above pleading the Board of Realtors should be considered a state actor for the facts alleged in the Amended Complaint suggest it acted together with state officials (the PR Real Estate Board and its members), and its conduct is charged to the State.

The Amended Complaint further alleges defendants have acted in concert by jointly coordinating and participating in the activity where plaintiffs claimed they were defamed for exercising their First Amendment Right, to wit, the roundtable of June 17, 2010 and press release of June 12, 2010 topics for roundtable event. The Board of Realtors' President thanked co-defendant Figueroa-López for his great presentation. *Id.*, ¶117. The pleadings of the Amended Complaint present specific facts showing a meeting of the minds between the PR Real Estate Board and the Board of Realtors having acted jointly, sufficient for "act under color of law". United States v. Price, 383 U.S. 787, 794, 86 S.Ct. 1152, 1157 (1966);[3] Jackson v. Pantazes, 810 F.2d 426, 429 (4th Cir. 1987). *See* The Real Estate Bar Association for Mass., Inc. v. National Real Estate Information Services, 608 F.3d 110 (1st Cir. 2010) - joint action test (finding bar association was not a state actor subject to suit under §1983).[4]

Plaintiffs further oppose dismissal of their request for injunctive relief for defendants should be considered state actors under Section 1983. All factual allegations were re-incorporated by reference in the Amended Complaint when requesting injunctive

---

[3] A person indicted for having acted under color of law allows for private persons who jointly engaged with state officials in the prohibited action, are acting 'under color' of law for purposes of the statute.

[4] Statute providing standing to bring suit to enforce unauthorized practice of law did not delegate to private actors functions that were traditionally exclusively reserved to the State so as to make private state actors under §1983 under the public function theory. In bring suit against a private entity under §1983 under public function theory, plaintiff must show the private party performed a public function that has been traditionally the exclusive prerogative of the state, which is a demanding standard the plaintiff has the burden to meet.

relief. *See* Amended Complaint ¶ 136, which is to be accepted as true and all reasonable inferences for plaintiffs.   Co-defendant Figueroa-López continued with defamatory expression against plaintiffs, causing the repetition of an illegal conduct.  Plaintiffs also submit that, as to establishing harm for injunctive relief, constitutional violations constitute *per se* irreparable harm for purposes of preliminary injunction.  Elrod v. Burns, 427 U.S. 347, 373, 96 S.Ct. 2673, 2689 (1976); Maceira v. Pagán, 649 F.2d 8, 19 (1st Cir. 1981), for which reason plaintiffs should be entitled to injunctive relief as to defendants.

Regarding the pendent claim under Puerto Rico Law No. 426,  the state Whistleblowers Protection Act, plaintiff Figueroa submits she is  a public official protected from retaliation.  Co-defendant Board of Realtors should be considered a state actor, thus the challenged conduct is expressly prohibited by Law No. 426.

In defendants' reply, they reinstate that the Board of Realtors is not a state actor, thus not a person acting under color of state law within Section 1983 and appearing at a conference together with the government is not enough to have the Board of Realtors become state actor under the joint action test.  No factual allegations in Amended Complaint that the Board of Realtors (I) exercised some right or privilege having its source in state authority; or (ii) its actions were so intertwined with the government it could be fairly considered a state actor.

For plaintiffs to invoke a Section 1983 violation, which provides a cause of action for deprivation of any rights, privileges or immunities secured by the Constitution and laws, the deprivation must be caused by a person acting "under color of any statute, ordinance,

regulation, custom, or usage, for Section 1983 does not provide relief against most private individuals." González-Morales v. Hernández-Arencibia, 221 F.3d 45, 49 (1st Cir. 2000) (the fair attribution test that deprivation must be fairly attributable to the state requires both a state policy and a state actor).

The pleadings in the Amended Complaint refer to the Board of Realtors having actively participated and planned with the PR Real Estate Board a joint activity to deprive plaintiffs of their constitutional right.  We must however make specific reference to the factual events presented in the Complaint as to said alleged participation amounting to a deprivation of constitutional rights by a state actor.  See Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 937, 102 S.Ct. 2744, 2746 (1932) (two part test for state action component of under color of state law).  Estades-Negroni v. CPC Hosp. San Juan Capestrano, 412 F.3d 1, 5 (1st Cir. 2005) (only in rare circumstances private parties are viewed as state actors).  See San Francisco Arts & Athletics, Inc. v. U.S. Olympic Committee, 483 U.S. 522, 107 S.Ct. 2971 (1987) (government normally can be held responsible for private decision only when it has exercised coercive power or has provided such significant encouragement, overt or covert, that the choice must in law be deemed to be that of the government.  Mere approval or acquiescence in the initiatives of a private actor is not enough to make those actions as of the government).

Defendants further argue there is no allegation that the Board of Realtors engaged in any action emanating from statute, regulation, legislation or any government action. There is no interdependence between the Board of Realtors and the PR Real Estate Board

alleged in the Amended Complaint.  There are categories of private actors that can be characterized as state actors: (I) state compulsion test; (ii) nexus/joint action test; (iii) public function test.  Plaintiffs only discuss the joint action test.

Moreover, notwithstanding plaintiffs' opposition referring to a conspiracy between PR Real Estate Board and Board of Realtors, the Amended Complaint voluntarily dismissed the two causes of action for conspiracy.  (Docket No. 79, p. 1, n. 1).  As such, the references in plaintiffs' opposition to conspiracy, willful participation, action in concerts or meeting of the minds are irrelevant.

There is no symbiotic relationship and the sole involvement of the PR Real Estate Board at the roundtable was the participation of its President as a guest speaker.  There is no factual allegation in the Amended Complaint the PR Real Estate Board insinuates itself in day-to-day operations of the Board of Realtors or benefits from any financial partnership.

The Board of Realtors, not being a state actor, cannot allow for injunctive relief under Section 1983, which allows injunction as to public officials.  Besides, the claim is directed to co-defendant Figueroa-López and not to the Board.  *Id.*, ¶139.  Plaintiffs did not address in their opposition the four factors discussed by defendants as to injunction.

As to Law No. 246, only if the Board of Realtor is considered a state actor may Law No. 426 apply.  In addition, the public entity referred by said law cannot be the same for First Amendment violations discussed for the law relates to claims of damages framed

within labor relations in public service and the Board of Realtors has no employment relation with any of the plaintiffs. (Docket No. 116, Board of Realtors' Reply, Exhibit A, disclaimer).[5]

Plaintiffs filed a sur-reply to the Board of Realtors' reply claiming said defendant did not take the pleading of the Amended Complaint as true and rather attempted to raise credibility issues on some factual references more akin to summary judgment motions. Plaintiffs objects to defendants attempting to introduce an exhibit in support of their reply that is not authenticated and should not be allowed as hearsay.[6] Plaintiffs also object that defendants' reply presents for the first time arguments on Lugar, 457 U.S. at 922, 102 S.Ct. at 2744 which should be considered waived as not presented in the initial Motion to Dismiss. *See* Estades-Negroni, 412 F.3d at 5 limited the holding of state actor within the context of prejudgment attachment action at the time. (Docket No. 121, Plaintiffs' Sur-Reply, Exhibit 1, Regulation).

Plaintiffs included as Exhibit 1 the regulation registered with the Department of State that refers to continued education for real estate realtor profession.[7] Plaintiffs argue the Conference-Roundtable referred in the Amended Complaint is to be considered, as per

---

[5] Although said co-defendant was required to re-file and adjust its reply within the page limit requirement, it still circumvented the spirit of the order by including small font in single space citations and explanations in various footnotes to bypass the limitation. Needless to say that most of those citations and arguments were unnecessary, becoming an impediment to the flow of thought and its legal contentions.

[6] For all purposes hereinafter, this Magistrate Judge rules that defendants' Exhibit A at Docket No. 116 be stricken.

[7] An exhibit attached to a motion to dismiss could be considered, without converting the motion to one for summary judgment, when it allows the Court to take notice of matters of public record under Fed.R.Civ.P. 12(b)(6). Arturet-Vélez v. R.J. Reynolds Tobacco Co., 429 F.3d 10, 13 n.2 (1st Cir. 2005).

Regulation 7962, the exercise of some right created by the State and held under the state's authority for the website of Board of Realtors defendants publicly announced all its seminars, conferences, activities, which should serve to further state actor status.

Plaintiffs offer that the state-action inquiry should be resolved in summary judgment for the extent of state involvements remains a factual inquiry and not at the level of a motion to dismiss. Joint action need not entail a conspiracy claim for concert and joint action can be a Section 1983 violation between public and private parties. (Exhibit 121-1 - Regulation No. 7962 - in Spanish; English translation at Docket No. 125).

Considering the arguments raised by the parties and reference to the pleadings, it is now proper to discuss the request for dismissal raised by the co-defendants.

## MOTION TO DISMISS STANDARD

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a party may, consider materials outside the pleadings without converting the motion to dismiss into one for summary judgment.[8] Still, under Section 12 (b)(2) "a complaint should not be dismissed for failure to state a claim unless it appears ... that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *See* Bell Atlantic Corp. v. Twonbly, 127 S.Ct. 1955 (2007) (citing Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102 (1957));

---

[8] Fed.R.Civ.P. 12(b)(1) allows a defense to be presented for lack of subject matter jurisdiction, while 12(b)(2) allows same for lack of personal jurisdiction.

*see* Miranda v. Ponce Fed. Bank, 948 F.2d 41 (1st Cir. 1991); *see also* Rodríguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 94-95 (1st Cir. 2007).[9]

The Supreme Court's most recent opinion changes the standard for a motion to dismiss so that plaintiffs will now have to include more information in their pleadings if they want to survive a 12(b)(6) motion. *See* Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1969 (2007). The First Circuit noted this new standard in Rodríguez-Ortiz v. Margo Caribe, Inc., 490 F.3d at 94-95, which relevant part provides:

> At the outset, we note that even under the liberal pleading standard of Federal Rule of Civil Procedure 8, the Supreme Court has recently held that to survive a motion to dismiss, a complaint must allege "a plausible entitlement to relief." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1967, 167 L. Ed. 2d 929 (2007). In so doing, the Court disavowed the oft-quoted language of Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *See* Twombly, 127 S. Ct. at 1969. The Court found that the "no set of facts" language, if taken literally, would impermissibly allow for the pleading of "a wholly conclusory statement of [a] claim," and that "after puzzling the profession for 50 years, this famous observation has earned its retirement." *Id*. at 1968, 1969.

To elucidate a motion to dismiss the Court must accept as true "all well-pleaded factual averments and indulg[e] all reasonable inferences in the plaintiff's favor." Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996). A complaint must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable theory." Romero-Barceló v. Hernández-Agosto, 75 F.3d 23, 28 n. 2 (1st Cir. 1996) (*quoting* Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir. 1988)). The

---

[9] No heightened fact pleading of specifics is required but only enough facts to state a claim to relief that is plausible on its face. Bell Atlantic, 127 S.Ct. at 1974.

Guy Sánchez, Jr., et al. v. Kenneth McClintock, et al.
Civil No. 11-1542 (CVR)
Opinion and Order
Page No. 15

Court, need not accept a complaint's " 'bald assertions' or legal conclusions" when assessing a motion to dismiss.  Abbott, III v. United States, 144 F.3d 1, 2 (1st Cir. 1998) (*citing* Shaw v. Digital Equip. Corp., 82 F.3d 1194, 1216 (1st Cir. 1996)).

A motion to dismiss based for the most part for failure to state a claim for which relief can be granted, as the one filed by herein defendants, requires that all the allegations of the complaint be deemed true.  Fed.R.Civ.P. 12(b)(6).  Similarly, the request for injunctive relief needs to be separately addressed.

## LEGAL ARGUMENT

**A.**    **Section 1983 - State Action Required.**

The appearing co-defendants dispute whether there is a claim as to them in the Amended Complaint for under limited circumstances is the conduct by private actors characterized as governmental action for constitutional purposes.  Succinctly, defendants aver Section 1983 applies when a person, acting under color of state law, deprives another of the rights secured by the Constitution or laws.[10]  The Board of Realtors is a non-governmental organization composed of nine directors directly elected by its members. (Docket No. 79, Amended Complaint ¶14).[11]  The Board of Realtors' core purpose is to

---

[10]  Title 42 U.S.C. § 1983, at the time in question, provides:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

[11]  To the contrary, co-defendant the PR Real Estate Board is a governmental entity of the Commonwealth of Puerto Rico, created by Law No. 10 and is composed by five members directly nominated by the Governor of Puerto Rico. (*Id.*, ¶ 8).

provide its members with continued education, training, support, resources, with its physical address at Los Maestros Dev., Trujillo Alto Expressway, 791 José Osuna Street, San Juan, Puerto Rico 00923.(*Id.* ¶14).[12] This is the same address as to all herein co-defendants who were members of the Board of Realtors.  (*Id.*, ¶¶15-24).

Taking the pleadings of the Amended Complaint as true, as well as the proper uncontested legal contentions, the Board of Realtors is a private non-profit corporation, a separate entity, with distinct purposes and functions and with a separate address, to the one claimed by plaintiffs as to the state actor for purposes of Section 1983 that it allegedly joined, the PR Real Estate Board.

Actions of individuals who are not state actors, such as above private parties, need to be regarded as state action for purposes of establishing liability under Section 1983.[13] In determining whether a private entity's act is undertaken under color of law, one must not solely consider if such individual, person or entity is serving a public function but if such is a function traditionally the exclusive prerogative of the state, for the fact that such an entity performs a function which serves the public does not render such act one under color of law.  *See* Rendell-Baker v. Kohn, 457 U.S. 380, 102 S.Ct. 2764 (1982) (ultimate issue

---

[12]   In opposition, co-defendant PR Real Estate Board is responsible by law for evaluating, authorizing and licensing citizens to the practice of Real Estate in Puerto Rico.  Its professional office is located at the State Department, Real Intendencia Building, 2nd Floor, San Jose Street corner San Francisco Street, Old San Juan, P.R. 00902-3271. (*Id.*, ¶¶7, 9).

[13]   Section 1983 claim does not lie absent "state action" and there are two components to the state action requirement: (1) deprivation must be shown to have been caused by exercise of some right or privilege created by the state or by rule of conduct imposed by the state or by person for whom the state is responsible and (2) party charged with deprivation must be a person who may fairly be said to be state actor.  Alexis v. McDonald's Restaurants of Mass., 67 F.3d 341, 351 (1ª Cir. 1995) (*citing* Casa Marie, Inc. v. Superior Court of P.R., 988 F.2d 252, 258-59 (1ª Cir. 1993).

whether person is subject to suit under federal civil right statute for deprivation of right is the same as under the Fourteenth Amendment, to wit, whether alleged infringement is "fairly attributable to the state"). That is so since Section 1983 does not reach private action.

Having clearly established that the co-defendants herein are private actors, it is for plaintiffs to present any of the exceptions to the act complained as being attributable to the state, either because the private actors are carrying out a public function, there is a symbiotic relationship between the private and public actors to bring their conduct as one of the other, that is, the state had insinuated itself into a position of interdependence with the private party to be recognized as joint participant or there is some conspiracy to violate another's civil rights which would be liable under Section 1983, which requires more than simple endorsement and encouragement.[14]

The Amended Complaint refers to a series of previous incidents between plaintiffs and other state actors, additional co-defendants named ¶¶ 26-75.[15] Taking the pleadings as alleged by plaintiffs as basis for their claim insofar as joint action or symbiotic relationship, their participation of these private actors relate to having the Board of Realtors on June 10, 2010 met to organize a public conference with the PR Real Estate Board where

---

[14] Culebras Enterprises Corp. v. Rivera Ríos, 813 F.2d 506, 519 (1st Cir. 1987) (citing to Adickes v. Kress & Co., 398 U.S. 144, 152, 90 S.Ct. 1598, 1605 (1970)).

[15] Plaintiffs claim violation of civil rights when, upon having exercised their First Amendment right, they testified in the year 2009 before the Housing and Urban Development Commission that was conducting investigative hearings in the PR House of Representatives as to irregularities and conduct of the PR Real Estate Board. (Docket No. 79, Amended Complaint ¶¶53-57). Other incidents regarding specifically as to co-defendant Figueroa-López were also made part of the pleading of the complaint.

one of the topics involved plaintiffs' legislative testimonies and co-plaintiff Sánchez' federal case, among others (Docket No. 79, Amended Complaint ¶76). On June 12, 2010, plaintiff Figueroa read a press release which was published by a newspaper about the conference that was coordinated between the PR Real Estate Board and the Board of Realtors entitled "Roundtable with Board of Real Estate Brokers, Salespersons and Companies." (*Id.*, ¶78). In the press release, the Board of Realtors invited all members of the real estate industry and the general public with the President of the PR Real Estate Board, co-defendant Figueroa-López, to be held at Centro Europa, Santurce, on June 17, 2010. (*Id.*, ¶79). The press release informed the public one of the topics to be discussed was the investigation conducted by the Commission of Housing and Urban Development. (*Id.*, ¶80). A member of the PR Real Estate Board, Gilberto Casillas, confirmed to plaintiffs the conference was coordinated by the President of the Board of Realtors, Héctor Lavergne and the President of PR Real Estate Board, Figueroa-López. (*Id.*, ¶81).

Insofar as co-defendants, plaintiffs further submit that on June 17, 2010, the Board of Realtors held the conference and as part of the audience were members of the PR Real Estate Board and other professionals from the real estate industry. (*Id.*, ¶83). The conference was initiated by the recognition from the Director of the Board of Realtors and its officials and the PR Real Estate Board. (*Id.*, ¶85). The President of the Board of Realtors also addressed the audience and spoke about the importance of the conference. (Docket No. 79, Amended Complaint, ¶86). Co-defendant Figueroa-López (of the PR Real Estate Board) thanked the Board of Realtors for allowing him to send a message on behalf of the PR Real

Guy Sánchez, Jr., et al. v. Kenneth McClintock, et al.
Civil No. 11-1542 (CVR)
Opinion and Order
Page No. 19

Estate Board. (*Id.*, p. 88).[16] After Figueroa-López' presentation, the President of the Board of Realtors thanked him and said that fellow associates who were mentioned in the conference would be given the opportunity to tell their side of the story. (*Id.*, ¶116).

On the above pleadings as to these private state actors, to wit, co-defendant Board of Realtors and its members, herein co-defendants Héctor A. Lavergne-Vásquez, Mari Paz Cátala-Fuster, John Knapp-Fussá, Pura Rohena-Figueroa, Sintia Jardín-Abreu, Angel Marrero, José A. Quevedo-Bonilla, Warren Rodríguez-Rodríguez, Wilfredo Vélez and Rolando Acosta-Trinidad, plaintiffs aver state action should be attributable.[17]

A private party's conduct is attributable to the state if the state has so far insinuated into a position of interdependence with the private party that it must be recognized as a joint participant in the challenged activity. Barrios-Velázquez v. Asociación de Empleados del Estado Libre Asociado, 84 F.3d 487, 494 (1st Cir. 1996).[18]

From the averments of the Amended Complaint it is clear that both entities public and private alleged concerted activity to purportedly deprive plaintiffs of their civil rights

---

[16] All comments referred thereafter in the Amended Complaint were made by said other co-defendant Figueroa-López. (*Id.*, ¶¶89-115).

[17] Thus, plaintiffs are attempting to attribute to the herein private actors, the alleged misconduct that serves as predicate grounds for the Section 1983 claims against co-defendant Figueroa-López, from the PR Real Estate Board. Even when dealing with conduct of a subordinate in an act or omission under Section 1983, plaintiff needs to affirmatively link the subordinate conduct to the supervisor upon lack of respondeat superior liability.

[18] The Amended Complaint contains no reference whatsoever to public function insofar as the state having escaped its responsibilities by delegating them to private parties, for which reason this proposition need not be examined at this time. In fact, as in Rendel-Baker, even submission of the continued education purpose of the Board of Realtors towards its members, does not establish as public function of state defendant the PR Real Estate Board's delegation of education of its members, for these education services are in no way the exclusive province of the State. Rendell-Baker, 457 U.S. at 852, 102 S.Ct. At 2777. *See* Ponce v. Basketball Federation of Com. of Puerto Rico, 760 F.2d 375 (1st Cir. 1985) (the question is not only whether a private group is serving a public function, but also if the function is one performed traditionally as the exclusive prerogative of the State).

<u>Guy Sánchez, Jr., et al. v. Kenneth McClintock, et al.</u>
Civil No. 11-1542 (CVR)
Opinion and Order
Page No. 20

cannot prosper. The concerted action alleged by plaintiffs is related to having private actors sponsored a meeting with several speakers on June 17, 2010 among them co-defendant Figueroa-López from the PR Real Estate Board and whose statements were considered by plaintiffs as false and defamatory. Besides the above itemized pleading as to the private actors' participation in regard with the meeting, plaintiffs concluded they failed to distance themselves (the private actors) from the defamatory statement of Figueroa-López and assisted in the dissemination of same. (Docket No. 79, Amended Complaint, ¶117).

Principal categories for the exceptions to be considered as state action, are when private actors may be deemed governmental where a private entity exercises powers traditionally exclusively reserved to the government, where there is a sufficiently close nexus between the challenged activity and government regulation or support such that it can be said the government is responsible for the specific conduct of which plaintiffs complained and where government actor possesses such influence over a nominally private entity that there exists public entwinement in the management and control of the entity. <u>González-Maldonado v. MMM Healthcare, Inc.</u>, 693 F.3d 244 (1st Cir. 2012); <u>Watchtower Bible and Tract Society of New York, Inc. v. Sagardía</u>, 634 F.3d (1st Cir. 2011).[19]

Although there is no single test to identify state actions and state actors, three criteria are examined as enunciated in <u>Blum</u>, <u>Lugar</u> and <u>Rendel-Baker</u>, as discussed below.

---

[19]   The case law in this circuit, consistent with the Supreme Court precedent, is that the "state actor" label can apply where the nominally private actor is performing an inherently public function, where the nominally private conduct is inextricably entangled with official public action, or where the nominally private conduct is compelled by state law or state actors. <u>Watchtower Bible and Tract Society of New York</u>, 634 F.3d at 10.

Guy Sánchez, Jr., et al. v. Kenneth McClintock, et al.
Civil No. 11-1542 (CVR)
Opinion and Order
Page No. 21

In Blum v. Yaretsky, 457 U.S. 991, 102 S.Ct. 2777 (1982), medicaid recipients could not establish "state action" when the decisions they complained to being transferred to nursing homes with lower level of care without adequate notice or hearings were made by private actors –private physicians and nursing homes administrators– whose decisions were not influenced in any degree by the state's obligation as secured under the Fourteenth Amendment.

Plaintiffs' sur-reply attempts to establish that regulation 7962 as to continued education requirements –which does not provide any exclusive authorization to the Board of Realtors to provide same–may not be construed as having established state action for it authorizes the latter to establish courses, studies and specific subject matter related to real estate.  (Docket No. 121, p. 5, Exhibit 1).  Thus, the fact that a private business was subject to state regulation does not by itself convert its action into one of the State.

In Lugar, 457 U.S. at 922, 102 S.Ct. at 2744,[20] the Highest Court examined the joint action with a state officer to accomplish a prejudgement deprivation of property interest to support a claim of civil rights violation against a private party.   For private party to be one who may fairly be said to be a state actor, it must have acted together with the public actor or obtained significant aid from state officials.   As can be established from the pleading, as

---

[20]   In Lugar, however, the Court found in part there was a statutory scheme as product of state action and the private party's participation with state officials in the seizure of disputed property was sufficient for state action under the Fourteenth Amendment.

Guy Sánchez, Jr., et al. v. Kenneth McClintock, et al.
Civil No. 11-1542 (CVR)
Opinion and Order
Page No. 22

well as upon the arguments raised by the parties, it is clear the Lugar criteria for state action is not met in this case.[21]

Succinctly, as presented by defendants in their motion to dismiss, plaintiffs have been unable to establish a symbiotic relationship between defendants.  *See* Brentwood Academy v. Tennessee Secondary School Athletic Ass'n, 531 U.S. 288, 121 S.Ct. 924 (2001) (no symbiotic relation to establish state action for defendant was not engaging in traditional and exclusive public function nor was responding to state compulsion).

Hence, this Magistrate Judge opines the Amended Complaint does not raise a Section 1983 claim against private actors.[22]

**B.     Injunctive Relief.**

Appearing co-defendants also argue that, in the absence of Section 1983 as to them for the above grounds, no injunctive relief follows as to these co-defendants who are considered private actors. In the alternative, co-defendants aver the Amended Complaint fails to present sufficient grounds to establish entitlement as to injunctive relief. Additionally, upon absence of a Section 1983 claim against herein co-defendants, there is no other available private injunction relief for without state action as to herein co-defendants there is no constitutional deprivation by them to warrant a restriction of the

---

[21]   The third criteria presented at Rendell-Baker v. Kohn, 457 U.S. 830, 102 S.Ct. 2764 (1982) was already discussed above as to public function.

[22]   Santiago v. Puerto Rico, 655 F.3d 61 (1st Cir. 2011) (a private party may become a state actor subject to Section 1983 liability if it assumes a traditional public function, if the challenged conduct is coerced or significantly encouraged by the state or if the state has so far insinuated itself into a position of interdependence with the private party that it was a joint participant in the challenged activity).

private actors' freedom.[23]  Burnett v. Grattan, 468 U.S. 42 n. 3, 104 S.Ct. 2924 (1984) (noting Section 1983 confers a private federal right of action for damages and injunctive relief against state actors).

Plaintiffs' opposition is predicated on having established a Section 1983 against co-defendants, which this Magistrate Judge finds plaintiffs have not established.  As such, there is no likelihood of success on the merits and no need to further discuss the injunction requirements. [24]

## C.    Pendent State Claims.

If the Court were to consider the particularity of Law No. 426, the Puerto Rico Whistleblowers Protection Act, same is a statute meant to protect whistleblowers who reported acts of public corruption.  Its statement of motives indicates the purpose for protection thereunder relates to public officials and institution, agencies, branches and instrumentalities of the government of Puerto Rico. It is aimed to protect the rights of public employees and officials, which co-plaintiff Figueroa has pleaded to be a public official insofar as another co-defendant, the PR Real Estate Board.  Law No. 426 protects the employee from being dismissed, threatened, discriminated or otherwise retaliated, with "respect to terms, conditions, compensation, location, benefits, or privileges of the employment or public service." P.R. Laws Ann. tit. 1, §601 (2000).  Co-plaintiff Figueroa,

---

[23] *See* Yeo v. Town of Lexington, 131 F.3d 241, 248-49 (1st Cir. 1997).

[24] The injunction requirements, if needed, may be discussed as part of the pending Motion for Judgment on the Pleadings (Docket No. 129) which will be issued in a separate opinion and order once it becomes due and the requested replies or sur-replies are filed.

however, held no employment or contractual relationship with herein co-defendants the Board of Realtors and its officers, co-defendants  Héctor A. Lavergne-Vásquez, Mari Paz Cátala-Fuster, John Knapp-Fussá, Pura Rohena-Figueroa, Sintia Jardín-Abreu, Angel Marrero, José A. Quevedo-Bonilla, Warren Rodríguez-Rodríguez, Wilfredo Vélez and Rolando Acosta-Trinidad, from which any term or condition of employment would have been affected because of actions of these parties whose claims are being dismissed. Furthermore, from plaintiffs' pleading in the Fourth Cause of Action, it states said Act No. 426 "expressly prohibits a public official or employee to dismiss, threaten, discriminate against or retaliate against another public official or employee, with regards to the terms, conditions..."  (Docket No. 79, Amended Complaint ¶VII, Fourth Cause of Action, ¶¶161-162).

Having plaintiffs incorporated the previously referred allegations in the Amended Complaint, which as to the herein co-defendants were limited to the discussion above as to their participation in the roundtable conference of June 17, 2010, there is no indicia Law No. 426 claims could subsist as to herein movants.  As such, the Law No. 426 cause of action is dismissed under Fed.R.Civ.P 12(b)(6).

As to remaining pendent law claims, once federal claims are dismissed, it is within the discretion of a district court to exercise supplemental jurisdiction under Title 28, United States Code, Section 1367 as to plaintiffs' state law claims. Tomaiolo v. Mallinoff, 281 F.3d 1 (1st Cir. 2002) (quoting from Roche v. John Hancock Mut. Life Ins. Co., 81 F.3d 249, 256-57 (1st Cir. 1996).

Guy Sánchez, Jr., et al. v. Kenneth McClintock, et al.
Civil No. 11-1542 (CVR)
Opinion and Order
Page No. 25

Since the instant case as to above co-defendants is not one that is so far advanced nor has discovery been completed, this Magistrate Judge declines to exercise supplemental jurisdiction as to above defendants' state action claims. *Cf*. Redondo Const. Corp. v. Izquierdo, 662 F.3d 42 (1st Cir. 2011) (district court abused its discretion in declining to exercise supplemental jurisdiction over contractor's state claims). Thus, supplemental state claims are dismissed.

### CONCLUSION

In view of the foregoing, the Motion to Dismiss by co-defendants Board of Realtors and its members, Héctor A. Lavergne-Vásquez, Mari Paz Cátala-Fuster, John Knapp-Fussá, Pura Rohena-Figueroa, Sintia Jardín-Abreu, Angel Marrero, José A. Quevedo-Bonilla, Warren Rodríguez-Rodríguez, Wilfredo Vélez and Rolando Acosta-Trinidad is GRANTED. (Docket No. 95) and all claims against them are DISMISSED WITH PREJUDICE.

Partial Judgment to be entered accordingly.

IT IS SO ORDERED.

San Juan, Puerto Rico, this 8th day of April of 2013.

S/ CAMILLE L. VELEZ-RIVE
CAMILLE L. VELEZ-RIVE
UNITED STATES MAGISTRATE JUDGE