IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

GUY SANCHEZ, et. al.,
Plaintiffs,

v.

KENNETH MCCLINTOCK, et. al.,
Defendants.

CIVIL NO. 11-1542 (CVR)

**OPINION AND ORDER**

**INTRODUCTION**

This case is one in a long line of cases that have been filed over the years challenging the practices of the Puerto Rico Real Estate Board & Business Regulations.[1] Plaintiffs in the present case are Guy Sánchez and Katherine Figueroa ("Plaintiffs" or "Plaintiff Figueroa" or "Plaintiff Sánchez"). At the inception of this case, Defendants were many and only the following remain: the Puerto Rico Real Estate Board & Business Regulations (the "Real Estate Board"), a governmental entity of the Commonwealth of Puerto Rico created by Law No. 10 of April 26, 1994, P.R. Laws Ann. tit. 20, § 3024; Kenneth McClintock ("McClintock"), former Secretary of State and Eduardo Ballori ("Ballori"), former Deputy Secretary of State (both sued in their official capacity, for prospective injunctive relief only); Víctor Figueroa López ("Figueroa López"), former President of the Real Estate Board, and Pablo J. Claudio Pagán ("Claudio"), former member of the Real Estate Board (both sued in their individual capacities); and Gilberto Casillas Esquilín ("Casillas"), President of the Real Estate Board (sued in his official capacity, for prospective injunctive relief only).

---

[1] "Junta de Corredores, Vendedores y Empresas de Bienes Raíces" in Spanish.

Guy Sánchez, et. al., v. Kenneth McClintock, et al.,
Civil No. 11-1542 (CVR)
Opinion and Order
Page 2
_____

This case stems from damages arising from alleged defamatory and libelous statements made by co-Defendant Figueroa López, acting as President of the Real Estate Board, which began when Plaintiff Figueroa was appointed to the Board in August of 2007 by then Governor of Puerto Rico, Hon. Luis Fortuño. She was confirmed by the Senate in November, 2007. Plaintiff Figueroa avers that co-Defendant Figueroa López opposed her appointment, and made slanderous and libelous attacks against her and her husband, Plaintiff Sánchez, in a number of ways. This behavior culminated in a public attack against Plaintiffs during an industry roundtable meeting attended by many industry professionals, where co-Defendant Figueroa López stated, among others, that Plaintiffs had lied under oath, stole government documents and were incompetent in carrying out of their duties. Plaintiffs allege this public attack occurred as a result of their exercise of their free speech rights by testifying before the Housing and Urban Development Commission, entity that was conducting investigative hearings in the House of Representatives of the Commonwealth of Puerto Rico concerning irregularities and illegal behavior within the Real Estate Board. Plaintiffs, who were brokers and members of the Real Estate Board, were not invited to this roundtable meeting, nor were they contacted by anyone from the San Juan Board of Realtors[2] or the Real Estate Board to give them the opportunity to defend themselves from the accusations they were the subject of during

---

[2] A former co-Defendant in this action, it is a nonprofit corporation created under the laws of the Commonwealth of Puerto Rico, and is composed of nine (9) Directors directly elected by its members. Its purpose is to provide its members within its area with continued education, training, support, and resources, and to keep high standards of conduct within the real estate profession as required by the Code of Ethics established by the National Association of Realtors. All claims against this entity have now been dismissed.

Case 3:11-cv-01542-CVR   Document 240   Filed 01/27/16   Page 3 of 18

Guy Sánchez, et. al., v. Kenneth McClintock, et al.,
Civil No. 11-1542 (CVR)
Opinion and Order
Page 3
_____

the conference, which they allege were slanderous, false and caused them humiliation and damaged their reputations.

Before the Court now is the Motion for Summary Judgment filed by Defendants Real Estate Board, McClintock, Ballori, Figueroa López, Casillas and Claudio inviting this Court to dismiss all claims brought against them. (Docket No. 188). With one exception, the Court declines their invitation. For the foregoing reasons, Defendants' Motion for Summary Judgment is GRANTED IN PART and DENIED IN PART.

**STANDARD**

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56 (c). Pursuant to the language of the rule, the moving party bears the two-fold burden of showing that there is "no genuine issue as to any material facts," and that he is "entitled to judgment as a matter of law." Vega-Rodríguez v. Puerto Rico Tel. Co., 110 F.3d 174, 178 (1st Cir. 1997).

After the moving party has satisfied this burden, the onus shifts to the resisting party to show that there still exists "a trial worthy issue as to some material fact." Cortés-Irizarry v. Corporación Insular, 111 F.3d 184, 187 (1st Cir. 1997). A fact is deemed "material" if it potentially could affect the outcome of the suit. Id. Moreover, there will only be a "genuine" or "trial worthy" issue as to such a "material fact," "if a reasonable fact-finder, examining the evidence and drawing all reasonable inferences helpful to the

Case 3:11-cv-01542-CVR   Document 240   Filed 01/27/16   Page 4 of 18

Guy Sánchez, et. al., v. Kenneth McClintock, et al.,
Civil No. 11-1542 (CVR)
Opinion and Order
Page 4
_____

party resisting summary judgment, could resolve the dispute in that party's favor." Id. At all times during the consideration of a motion for summary judgment, the Court must examine the entire record "in the light most flattering to the non-movant and indulge all reasonable inferences in the party's favor." Maldonado-Denis v. Castillo-Rodríguez, 23 F.3d 576, 581 (1st Cir. 1994).

The First Circuit Court of Appeals has "emphasized the importance of local rules similar to Local Rule 56 [of the District of Puerto Rico]." Hernández v. Philip Morris USA, Inc., 486 F.3d 1, 7 (1st Cir. 2007); see also Colón v. Infotech Aerospace Servs., Inc., 869 F.Supp.2d 220, 225-226 (D.P.R. 2012). Rules such as Local Rule 56 are designed to function as a means of 'focusing a district court's attention on what is -and what is not- genuinely controverted.' Calvi v. Knox County, 470 F.3d 422, 427 (1st Cir. 2006). Local Rule 56 imposes guidelines for both the movant and the party opposing summary judgment. A party moving for summary judgment must submit factual assertions in "a separate, short, and concise statement of material facts, set forth in numbered paragraphs." Loc. Rule 56(b). A party opposing a motion for summary judgment must "admit, deny, or qualify the facts supporting the motion for summary judgment by reference to each numbered paragraph of the moving party's statement of facts." Loc. Rule 56 (c). If they so wish, they may submit a separate statement of facts which they believe are in controversy. Facts which are properly supported "shall be deemed admitted unless properly controverted." Loc. Rule 56(e); P.R. Am. Ins. Co. v. Rivera-Vázquez, 603 F.3d 125, 130 (1st Cir. 2010) and Colón, 869 F.Supp.2d at 226. Due to the importance of

Case 3:11-cv-01542-CVR   Document 240   Filed 01/27/16   Page 5 of 18

Guy Sánchez, et. al., v. Kenneth McClintock, et al.,
Civil No. 11-1542 (CVR)
Opinion and Order
Page 5
_____

this function to the summary judgment process, "litigants ignore [those rules] at their peril." Hernández, 486 F.3d at 7.

## LEGAL ANALYSIS

**A. First Amendment Claims.**

The Court gives short shrift to Defendants' Motion for Summary Judgment, as it is evident that there are material issues of fact in controversy that preclude summary disposition of the claims presented by Plaintiffs.

Title 42, United States Code, § 1983 "provides a remedy for deprivations of rights secured by the Constitution and laws of the United States when that deprivation takes place under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory." Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 924, 102 S.Ct. 2744 (1982) (internal quotation marks omitted). A claim pursuant to § 1983 must satisfy two essential elements: "the defendant must have acted under color of state law, and his or her conduct must have deprived the plaintiff of rights secured by the Constitution or by federal law." Grajales v. Puerto Rico Ports Auth, 682 F.3d 40, 46 (1st Cir. 2012); Gagliardi v. Sullivan, 513 F.3d 301 (1st Cir. 2008). There are two aspects to the second inquiry: "(1) there must have been a deprivation of federally protected rights, privileges or immunities, and (2) the conduct complained of must have been causally connected to the deprivation." Gutiérrez-Rodríguez v. Cartagena, 882 F.2d 553, 559 (1st Cir. 1989). Moreover, a plaintiff must link each particular defendant to the alleged violation of federal rights. See González–Piña v. Rodríguez, 407 F.3d 425 (1st Cir. 2005). A plaintiff may

do so by indicating any "personal action or inaction [by the defendants] within the scope of [their] responsibilities that would make [them] personally answerable in damages under Section 1983." Pinto v. Nettleship, 737 F.2d 130, 133 (1st Cir. 1984).

Plaintiffs' § 1983 claims, as expressed below, are grounded upon alleged infringements of the First Amendment. A public employee's statement is protected activity when (1) in making it, the employee spoke as a citizen on a matter of public concern; (2) the court must balance the employee's First Amendment rights against the government's interest in efficient agency performance and (3) the plaintiff can show that the protected expression was a substantial or motivating factor in the adverse employment decision. Pérez v. Agostini, 37 F.Supp.2d 103 (D.P.R. 1999); see also Pickering v. Bd. of Educ. of Township High Sch., 391 U.S. 563, 88 S.Ct. 1731 (1968), and Connick v. Myers, 461 U.S. 138, 103 S.Ct. 1684 (1983).

Defendants posit that the § 1983 claim cannot lie because "[t]he evidence does not substantiate anything more than Defendant Víctor Figueroa López' making use of his right to free speech to comment and refute any and all speech freely made by plaintiffs against the PRB and himself as president of the PRB." (Docket No. 195, p. 7). In other words, Defendants' argument is that they were defending themselves from Plaintiffs' accusations and they, too, were commenting on matters of public concern (mainly, malfeasance by Plaintiffs), and thus, their speech is protected. Defendants further aver that "the purpose of the roundtable was to gather real estate industry professionals and provide relevant information related to the concerns expressed by said persons" and that

the "motivations were never to slander or retaliate against the Plaintiffs, but rather to preserve the Board's good will." (Docket No. 195, p. 9).

The first two prongs of the analysis are clearly met, insofar as Plaintiffs candidly admitted in testifying in their personal capacity at the hearings and Defendants have not contested this. That corruption and government malfeasance is a matter of public concerns is also evident and cannot be denied. Yet, the third prong, that the protected expression was a substantial or motivating factor in the adverse employment action taken against Plaintiff Figueroa, presents an issue of fact that requires jury determination. This third prong may be met with circumstantial evidence. See Anthony v. Sundlun, 952 F.2d 603, 605 (1st Cir. 1991) (circumstantial evidence can be helpful to determine an actor's motive).

In August and September 2009, Plaintiffs testified before the Puerto Rico Legislature. The following summer, the Real Estate Board organized the roundtable where co-Defendant Figueroa López heavily criticized Plaintiffs and others. In May, 2011, the Committee issued its report, which found several irregularities and illegal behavior within the Real Estate Board and as a matter of fact, found sufficient cause to request that several of its members tender their resignation immediately, including its President, co-Defendant Figueroa López. A rational jury could find that this chronology lends credence to Plaintiffs' claims of retaliation, when coupled with Figueroa López' other actions in vilifying Plaintiffs.[3]

---

[3] Such as saying that co-Plaintiff Sánchez was in an adulterous relationship, and that he lied in another case he had pending before this Court, among others.

Under Puerto Rico law, the tort of defamation can be either intentional or negligent, depending on whether the defamed is a private or public figure, and can come in the form of slander or libel; one is written, the other spoken. See generally, Ojeda v. El Vocero de P.R., 137 D.P.R. 315 (1994). A private citizen who seeks redress for defamation, whether written or oral, must prove the following: (1) that information that is false and defamatory was (2) negligently published, with the result that (3) the defamed person suffered real damages. Pérez Rosado v. El Vocero de P.R., 149 D.P.R. 427, 442 (1999).

Defendants posit the comments are not slanderous and "are mere responses to the continued and publicly disseminated matters that plaintiffs themselves related during the public hearings." (Docket No. 195, p. 32). Yet, Defendants fail to substantiate their arguments with any meaningful evidence except their self-serving word that their comments were not slanderous, which is insufficient at the summary judgment stage.

Defendants also ground their defense on the fact that they organized the roundtable because members had "expressed concerns" regarding the allegations of impropriety being made by Plaintiffs and others. Yet, Defendants have proffered no evidence of any public requests for the Real Estate Board's defense and in spite of alleging their existence, and no documents were produced to prove the public statements. In fact, other attendees of the roundtable commented that they were looking forward to the roundtable, but upon hearing the subject matter of comments made by Figueroa López,

they opined: they were disrespectful, accusatory and derogatory;[4] perhaps in violation of the law;[5] they felt badly for Plaintiffs;[6] they didn't like what they heard and thought they were going to hear other topics and left the roundtable early.[7]

Even worse, Defendants fail to explain why Plaintiff Figueroa was not privy to the contents of the roundtable talk, or why she did not participate in its coordination despite being a Board member, or why she and Plaintiff Sánchez were not invited to publicly defend themselves and offer their side of the story in response to these accusations. These actions by co-Defendant Figueroa López, acting in an official capacity on behalf of the Real Estate Board and in a public meeting officially convened by the Real Estate Board, was after Plaintiffs testified at the Legislative hearings regarding improprieties done by the Real Estate Board, and which ended with the Legislature concluding that at least some of the improprieties were true. These actions, taken as a whole, make Defendants' claims of good faith ring hollow.

Furthermore, the fact that other members of the Real Estate Board were "not there" and now aver they did not know of the agenda makes little difference if their inaction, as board members, acquiesced to the statements made by co-Defendant Figueroa López, which as President of the Board, may have made many in the audience believe his comments constituted the official position of the Real Estate Board. Again,

---

[4] See Docket No. 220; Exh. 14, p. 24, l. 5-11.
[5] Id., Exh. 15, p. 19. l. 6 & 19.
[6] Id., p. 45, l. 6-7.
[7] Id., Exh. 16, p. 29, l. 4-15.

Case 3:11-cv-01542-CVR   Document 240   Filed 01/27/16   Page 10 of 18

Guy Sánchez, et. al., v. Kenneth McClintock, et al.,
Civil No. 11-1542 (CVR)
Opinion and Order
Page 10
_____

the fact that this was done at an official Board-sponsored activity, and with co-Defendant Figueroa López acting in his capacity as President does little to help Defendants' defense.

Finally, Defendants, who state that their motivations were never to slander or retaliate against Plaintiffs but rather to preserve the Board's good will, place the nail in their own coffin with these statements, because it has long been held that summary judgment is inappropriate where there are issues of motive and intent as related to material facts.  See Poller v. Columbia Broad. Sys., 369 U.S. 470, 473, 82 S.Ct. 486 (1962) (summary judgment is to be issued "sparingly" in litigation "where motive and intent play leading roles"); see also Pullman-Standard v. Swint, 456 U.S. 273, 288, 102 S.Ct. 1781 (1982) ("findings as to design, motive and intent with which men act [are] peculiarly factual issues for the trier of fact."); Domínguez-Cruz v. Suttle Caribe, Inc., 202 F.3d 424, 433 (1st Cir. 2000) (finding that "determinations of motive and intent … are questions better suited for the jury"); and Rodríguez v. Municipality of San Juan, 659 F.3d 168, 178-179 (1st Cir. 2011) ("As we have said many times, summary judgment is not a substitute for the trial of disputed factual issues").

Clearly, what were the motives of Defendants in convening the roundtable, in choosing what was said therein, whether or not co-Defendant Figueroa López knew the accusations he made were false and whether or not the other Defendants knew them when he made them are all evidentiary and credibility matters that only a jury can evaluate and answer. It will also be up to the jury to determine what, if any liability, the other Defendants will be responsible for in light of the evidence adduced during the trial.

Case 3:11-cv-01542-CVR   Document 240   Filed 01/27/16   Page 11 of 18

Guy Sánchez, et. al., v. Kenneth McClintock, et al.,
Civil No. 11-1542 (CVR)
Opinion and Order
Page 11
_____

Thus, Plaintiffs have met their burden of demonstrating a genuine issue of material fact as to their First Amendment claims. Viewed in the light most favorable to Plaintiffs, a rational fact finder could conclude that Defendants' actions stemmed from a retaliatory motive and that the comments were slanderous. Consequently, Defendants' Motion for Summary Judgment for dismissal of Plaintiffs' First Amendment claims is DENIED.

**B. Qualified Immunity.**

The Court denies Defendants' qualified immunity plea for the same reasons that govern the denial of the petition for summary disposition of the federal claims. As is well known, qualified immunity protects public officers from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727 (1982). The qualified immunity defense recognizes an entitlement not to stand trial or face the other burdens of litigation, conditioned on the resolution of the essentially legal question whether the conduct of which the plaintiff complains violated clearly established law." Mitchell v. Forsyth, 472 U.S. 511, 526, 105 S.Ct. 2806 (1985).

In order to determine whether qualified immunity is appropriate, a court must identify: 1) whether the constitutional right asserted by the plaintiff was "clearly established" at the time of the alleged violation; and (2) whether an objectively reasonable official in the same circumstances would have understood that his or her conduct violated that right. Fletcher v. Town of Clinton, 196 F.3d 41, 48 (1st Cir.1999).

Guy Sánchez, et. al., v. Kenneth McClintock, et al.,
Civil No. 11-1542 (CVR)
Opinion and Order
Page 12
_____

It has long been clearly established that government action taken in retaliation for an individual's exercise of his First Amendment rights is a constitutional violation. See Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 283-84, 97 S. Ct. 568, 574 (1977); McDonald v. Hall, 610 F.2d 16 (1st Cir. 1979). Yet, in the present case, there are factual issues as to the motives and actions of co-Defendant Figueroa López. Therefore, granting qualified immunity at the summary judgment stage is not appropriate where there is a factual issue as to an essential element of the Plaintiffs' claims. Swain v. Spinney, 117 F.3d 1, 10 (1st Cir.1997).

The same applies to Defendants' self-serving allegations that their actions were done "according to the law" and in "good faith."[8] Motivation and good faith are precisely the types of issues that cannot be resolved at the summary judgment stage, particularly, when subjective determinations of good faith and motive are being questioned. See BCR Transport Co. v. Fontaine, 727 F.2d 7, 10 (1st Cir. 1984) (qualified immunity is a question of reasonableness and the reasonableness determination was properly left for the jury to resolve); Bauer v. Norris, 713 F.2d 408, 411 & n. 6 (8th Cir. 1983) (good faith defense depends on the defendant's motivation, which is ordinarily a question for the jury); Santa Carrasquillo v. Rey Hernández, No. 01–1428, 2005 WL 2206449, at *7-8 (D.P.R. Sept. 9, 2005); Vélez-Herrero v. Guzmán, 330 F.Supp.2d 62, 72 (D.P.R. 2004) (both refusing to apply the qualified immunity doctrine at the summary judgment stage due to unresolved issues of fact as to defendants motivations for the alleged misconduct).

---

[8] See Docket No. 195, p. 11.

Case 3:11-cv-01542-CVR   Document 240   Filed 01/27/16   Page 13 of 18

Guy Sánchez, et. al., v. Kenneth McClintock, et al.,
Civil No. 11-1542 (CVR)
Opinion and Order
Page 13
_____

Therefore, the qualified immunity defense is not warranted at this stage of the proceedings, and it is hereby DENIED without prejudice due to unresolved issues of fact that preclude entitlement to the suggested defense.

**C. Claims against co-Defendants Ballori and McClintock.**

Plaintiffs have also brought claims against co-Defendants Ballori and McClintock, in their official capacities, for injunctive relief only. However, a cursory review of the Amended Complaint reveals that it contains very few factual allegations against them. Specifically, Plaintiffs allege the following:

> 6. Co-defendant, Kenneth McClintock, is Puerto Rico's Secretary of State. He was appointed in 2009 by the Governor of Puerto Rico, Luis Fortuño. His professional address is State Department, Real Indendencia Building, 2 Floor, San Jose Street Corner, San Francisco Street, Old San Juan, San Juan, PR 00902-3271. He is being sued in this action in his official capacity for prospective injunctive relief.
>
> 7. Co-defendant Eduardo Ballori Lage is the Assistant Secretary of the Examining Board in charge of the Division of Real Estate in the State Department of the Commonwealth of Puerto Rico. Mr. Ballori is directly and/or indirectly responsible for the acts or omissions alleged in this lawsuit. His professional address is State Department, Real Indendencia Building, 2nd Floor, San Jose Street Corner San Francisco Street, Old San Juan, San Juan, PR 00902-3271. He is being sued in this action in his official capacity for prospective injunctive relief.
>
> 63. Plaintiff Figueroa attempted to meet personally with Mr. Kenneth McClintock, to no avail. McClintock knew and/or should have known that plaintiff Figueroa's civil rights were violated. As a result of McClintock's callous indifference and/or willful blindness to plaintiff's federally protected rights, he failed to meet with plaintiff Figueroa and to alleviate the violation of the federally protected rights. McClintock's

Guy Sánchez, et. al., v. Kenneth McClintock, et al.,
Civil No. 11-1542 (CVR)
Opinion and Order
Page 14
_____

>   conduct amounted to an acquiescence of his subordinates' violations of plaintiff's federally protected rights.
>
> 74. Soon thereafter, plaintiff Figueroa went to the offices co-defendant Eduardo Ballori- Lage ("Ballori") and requested an urgent meeting with him. Ballori refused to meet with her and in doing so, he knew and/or should have known that plaintiff's civil rights were being violated.
>
> 75. Moreover, as a result of Ballori's callous indifference and/or willful blindness to plaintiff's federally protected rights, he failed to meet with her to alleviate the violation of the federally protected rights. Ballori's conduct amounted to an acquiescence of his subordinates' violations of plaintiff's federally protected rights.

This is the extent of Plaintiffs' claims against these two officers. Plaintiffs seem to be grounding their allegations on the fact that the Board was ascribed to the State Department and because Defendants McClintock and Ballori were the top two public servants in charge of that agency, they are responsible for the Real Estate Board's actions. In Ballori's specific case, the Amended Complaint states he was the Assistant Secretary of the Examining Board in charge of the Division of Real Estate in the State Department of the Commonwealth of Puerto Rico, while the answers to his interrogatories, under penalty of perjury, state that he was the Deputy Secretary of State and had no responsibilities to the Board.

Plaintiffs have responded to Defendants' proffered facts regarding these co-Defendants stating that "[t]his is a self-serving statement, which should be disregarded" and with the fact that Defendants' evidence are interrogatory answers and are therefore, also self-serving. This is insufficient to oppose a summary judgment request.

Case 3:11-cv-01542-CVR   Document 240   Filed 01/27/16   Page 15 of 18

Guy Sánchez, et. al., v. Kenneth McClintock, et al.,
Civil No. 11-1542 (CVR)
Opinion and Order
Page 15
_____

Furthermore, the fact that a meeting was requested of both of these Defendants -- and nothing more -- at different time periods is not enough to ascribe any liability to these two co-Defendants.  It is important to remember that the personal action or inaction by the defendants must be "within the scope of [their] responsibilities", so as to make them personally answerable under Section 1983.   Pinto v. Nettleship, 737 F.2d at 133. Plaintiffs have not shown that these two co-Defendants had any responsibilities vis-a-vis the Board.  Simply put, their actions – or rather, inaction - are too removed from the facts, and Plaintiffs have thus failed to establish a causal link between the harm and the inaction of these two co-Defendants.

Compare this to the facts surrounding co-Defendants Figueroa López, Claudio and Casillas, who were *actual* board members.  Because the meeting was officially a Real Estate Board sponsored affair, a reasonable jury could find that Figueroa López' actions were the official Real Estate Board position, and therefore, that Claudio and Casillas' inaction acquiesced to his position.  But in the end, of course, whether or not their actions (or inaction), as members of the entity that organized the roundtable violated Plaintiffs' rights, is a matter for the trier of fact to assess.

In sum, the Court is hard pressed to rule that a rational jury could conclude that the top two officials of an agency, whose only involvement (if it can be called that) was to fail to hold a meeting with Plaintiffs, could be liable for possible violations by members of a different entity that was simply ascribed to that agency.   In light of this, the request for

Case 3:11-cv-01542-CVR   Document 240   Filed 01/27/16   Page 16 of 18

Guy Sánchez, et. al., v. Kenneth McClintock, et al.,
Civil No. 11-1542 (CVR)
Opinion and Order
Page 16
_____

summary judgment is GRANTED IN PART, and the claims against co-Defendants McClintock and Ballori are DISMISSED WITH PREJUDICE.

### D. Injunctive Relief.

Regarding this matter, the Court must mention that Defendants' Motion for Summary Judgment asks the Court to apply the Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937 (2009) standard for this claim.  Defendants aver that Plaintiffs' § 1983 claim is legally insufficient and that it fails to state a claim upon which relief can be granted, because Plaintiffs have presented no valid freedom of expression or § 1983 claims against them. This argument is, of course, premised on their hope of the Court's dismissal of the constitutional claims.

Because the Court has already ruled that summary disposition of the § 1983 claims is denied, this claim too, must fail.  Furthermore, Defendants' four page discussion is barely enough to address this issue appropriately, which is better left for a more complete analysis during the trial.

As such, the request is therefore DENIED.   In light of the dismissal of the claims against co-Defendants McClintock and Ballori, the only remaining claims for injunctive relief that remain would be against co-Defendant Casillas.

### E. Supplemental Claims.

Defendants have also asked the Court to dismiss the supplemental claims, also based on the dismissal of the federal claims.   They also posit that Plaintiffs do not have a cognizable claim under Puerto Rico Law 14 and 426, the Puerto Rico retaliation statutes,

Case 3:11-cv-01542-CVR   Document 240   Filed 01/27/16   Page 17 of 18

Guy Sánchez, et. al., v. Kenneth McClintock, et al.,
Civil No. 11-1542 (CVR)
Opinion and Order
Page 17
_____

for the same reasons. Lastly, they also aver, without any argument in support thereof, that Plaintiffs have failed to state a cognizable claim under Article 1802 of the Puerto Rico Civil Code. This argument is therefore automatically deemed waived. See United States v. Zannino, 895 F.2d 1 (1st Cir. 1990).

When federal claims are dismissed before trial, state claims should be dismissed as well, but such is not a mandatory rule to be applied inflexibly in all cases. Rather, the court should exercise informed discretion when deciding to assert supplemental jurisdiction over state law claims. Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n. 7, 108 S.Ct. 614 (1988); Rosado v. Wyman, 397 U.S. 397, 403-05, 90 S.Ct. 1207 (1970); Roche v. John Hancock Mutual Life Ins. Co., 81 F.3d 249, 256-57 (1st Cir. 1996).

In accordance with above discussion, since all federal claims remain alive, there are no grounds to decline jurisdiction at this stage as to the pendent state claims filed against co-Defendants Figueroa López and Claudio. The petition to dismiss the supplemental state law claims is therefore DENIED.

**CONCLUSION**

For all the aforementioned reasons, Defendants' Motion for Summary Judgment (Docket No. 188) is GRANTED IN PART AND DENIED IN PART, as follows:

- The Motion for Summary Judgment by co-Defendants Kenneth McClintock and Eduardo Ballori is GRANTED and all the claims filed against co-Defendants McClintock and Ballori are DISMISSED WITH PREJUDICE. Partial Judgment shall be entered.

Case 3:11-cv-01542-CVR   Document 240   Filed 01/27/16   Page 18 of 18

Guy Sánchez, et. al., v. Kenneth McClintock, et al.,
Civil No. 11-1542 (CVR)
Opinion and Order
Page 18
_____

- The Motion for Summary Judgment by the Real Estate Board and co-Defendants Víctor Figueroa López, Pablo J. Claudio Pagán and Gilberto Casillas Esquilín is DENIED.

IT IS SO ORDERED.

In San Juan, Puerto Rico, on this 27th day of January, 2016.

                                     S/CAMILLE L. VELEZ-RIVE
                                     CAMILLE L. VELEZ RIVE
                                     UNITED STATES MAGISTRATE JUDGE